[Civil No. 1954. Filed March 24, 1922.]

[205 Pac. 327.]

ROGER L. STADLMAN and MARGYE L. STADL-
MAN, Appellants, v. L. B. JOHNSON, Appellee.

1. SALES—EVIDENCE HELD TO SHOW PLAINTIFF WAS OWNER OF NOTE
AND CONTRACT SUED ON.—In action on note secured by condi-
tional contract of sale, evidence *held* to show that plaintiff was
the owner of the note and contract.

2. SALES—EVIDENCE HELD TO SHOW THAT PLAINTIFF, NOT ANOTHER,
WAS SELLER OF GOODS SUED FOR.—In action for value of auto-
mobile accessories sold, evidence *held* to show that plaintiff,
and not a third party, was the seller of the goods; the third party
having originally sold to plaintiff, not defendants.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. F. H. Lyman, Judge.
Affirmed.

Messrs. Hayes, Laney & Allee, for Appellants.

Mr. Leo Alldredge and Mr. Walter Bennett, for Ap-
pellee.

ROSS, C. J.—The appellee, Johnson, recovered
judgment against the appellants Stadlman for $948.38,
being the balance claimed as due him on account of
the purchase price of a Reo truck sold by him to ap-
pellants, and also for the sum of $105.07 for automo-
bile accessories sold and delivered to appellants by
appellee.

The appellants complain of the court's action in re-
fusing to enter judgment in their favor on their
motion at the close of appellee's case and in ordering
judgment for appellee upon the final submission of the
cause. It is the contention of the appellants that the
evidence fails to support the judgment. In this con-
nection the appellants do not deny owing the sums
sued for and for which judgment was obtained to

some one, but they claim the evidence fails to show that they owe said sums to the appellee. They assert the evidence supports their contention. The record discloses that the sale of the truck was not an executed one, but a conditional sale; the title remaining under the contract, in the appellee, until the full purchase price of $1,933.15 was paid. At the time of entering into the contract, July 2, 1920, and the delivery of the truck to the appellants, there was paid the sum of $735 cash, and the balance was to be paid in monthly installments of $149.77 each, as witnessed by appellants' promissory note and the conditional sales contract. Immediately upon the sale being made, appellee assigned the contract and note to the Western States Securities Company, and received therefor the sum evidenced by the promissory note. Appellants, on August 3, 1920, paid to the Western States Securities Company the first installment of $149.77. That was the only payment they ever made aside from the cash payment of $735. Appellee indorsed the note to the Western States Securities Company as guarantor, and accordingly on November 5, 1920, he paid two installments of $149.77 each, which by mistake the Securities Company credited to the appellants in the form of written receipts and acknowledgments mailed to the appellants. There is a credit indorsement on the note dated January 22, 1921, of $350.

On the eighth day of October, 1920, the appellee took possession of the Reo truck in accordance with the conditions of the contract, and under and by virtue of the Uniform Conditional Sales Act, to wit, chapter 40, page 38, of the Session Laws for the year 1919, and after giving notice, as provided in said Sales Act, on October 30, 1920, caused the truck to be sold at public auction realizing therefor the sum of $100, which was credited on the purchase price.

The appellants contend that this evidence clearly shows that at the time appellee took possession of the car, and advertised it for sale, and sold it, the Securities Company, and not the appellee, was the owner of the promissory note and the conditional contract of sale. While the payments by appellee of two installments on November 5, 1920, and of $350 on January 22, 1921, to the Western States Securities Company, might raise the presumption that the Securities Company, at the time of such payments, was the owner of the note and conditional contract of sale, unquestionably the presumption is a rebuttable one. It must not be forgotten that the appellee was a guarantor of the note and as such, when the maker defaulted in the installments, might have assumed primary liability and made payments as such. At all events, the evidence is undisputed that the note and contract was reassigned formally and in writing, to appellee, on October 2, 1920, and was not delivered to appellee by the Securities Company at that time only because the appellee's attorney, who was looking after the business, failed to call and get it after the assignment was properly executed. Whether the appellee paid the Securities Company the full balance of the promissory note on the date of the reassignment, or undertook to pay it in deferred installments, we think is entirely immaterial to the appellants; their only concern being that they be not required to pay their debt twice. Since the Securities Company had reassigned the contract of sale and promissory note to the appellee, as is well said by the trial court, it would be estopped from thereafter claiming any right or interest in the truck, note, or contract.

It appears from the evidence that the automobile accessories, for the value of which appellee is suing the appellants, were bought from the Smith-Vincent Company, of Phoenix. It is the claim of appellants

that such articles were charged direct to appellant R. W. Stadlman, and not to appellee. There was exhibited to the court a statement of the account which on its face appeared to be a charge against Stadlman. The evidence, however, was all to the effect that the accessories were furnished to the appellee. Mr.' Smith, of the Smith-Vincent Company, said:

"It was Mr. Johnson we looked to for the payment of this account. We never recognized Mr. Stadlman as owing the account."

The court, after hearing all the evidence on the question, said, "This stuff was sold on Mr. Johnson's credit." We think the court's conclusion as to both of the items involved in this lawsuit is amply supported by the evidence, and the judgment was properly ordered and entered in favor of the appellee.

The judgment of the lower court is, accordingly, affirmed.

McALISTER and FLANIGAN, JJ., concur.